UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KIMBERLEY PATTERSON,

    Plaintiff,

v.                                        CASE NO.: 4:19-CV-00151-MW-CAS

PICK N PULL AUTO DISMANTLERS,
LLC D/B/A PICK N PULL, AUTO PARTS
GROUP SOUTHWEST, LLC D/B/A PICK
N PULL, AND SCHNITZER STEEL
INDUSTRIES INC. D/B/A PICK N PULL,

    Defendants.
_____/

## DEFENDANT'S INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1), Federal Rules of Civil Procedure, Defendants, Pick-N-Pull Auto Dismantlers LLC ("PNP Auto Dismantlers"), Auto Parts Group Southwest LLC d/b/a Pick-N-Pull ("Pick N Pull"), and Schnitzer Steel, (collectively "Defendants"), by and through their undersigned counsel, hereby submit the following initial disclosures to Plaintiff Kimberly Patterson:

**A.   Individuals Likely To Have Discoverable Information Defendant May Use To Support its Claims or Defenses.**

    1.   Plaintiff Kimberly Patterson has knowledge regarding the allegations in the Complaint and Defendants' defenses to the Complaint.

    2.   James Clark

      Assistant Store Manager, Pick N Pull
      c/o LITTLER MENDELSON, P.C.
      111 North Magnolia Avenue, Suite 1250
      Orlando, Florida 32801

      Mr. Clark may have knowledge regarding the terms and conditions of Plaintiff's employment, Pick N Pull's policies and procedures, the allegations within Plaintiff's Complaint, and Defendants' defenses to the Complaint.

    3.    Mark McCrary
      Store Manager, Pick N Pull
      c/o LITTLER MENDELSON, P.C.
      111 North Magnolia Avenue, Suite 1250
      Orlando, Florida 32801

      Mr. McCrary may have knowledge regarding the terms and conditions of Plaintiff's employment, Pick N Pull's policies and procedures, the allegations within Plaintiff's Complaint, and Defendants' defenses to the Complaint.

    4.    Kathy Palmer
      Human Resources, Pick N Pull
      c/o LITTLER MENDELSON, P.C.
      111 North Magnolia Avenue, Suite 1250
      Orlando, Florida 32801

      Ms. Palmer may have knowledge regarding the terms and conditions of Plaintiff's employment, Pick N Pull's policies and procedures, the allegations within Plaintiff's Complaint, and Defendants' defenses to the Complaint.

    5.    Joe Bulat
      Director of Security, Pick N Pull
      c/o LITTLER MENDELSON, P.C.
      111 North Magnolia Avenue, Suite 1250
      Orlando, Florida 32801

      Mr. Bulat may have knowledge regarding the terms and conditions of Plaintiff's employment, Pick N Pull's policies and procedures, the allegations within Plaintiff's Complaint, and Defendants' defenses to the Complaint.

    6.    Any and all witnesses identified by Plaintiff and not objected to by

Defendants.

    7.    Any rebuttal and impeachment witnesses.

    8.    Defendants reserve their right to supplement this list with any additional witnesses identified during the discovery phase of this matter.

**B.    Documents, Data Compilations, and Tangible Things That Defendant May Use To Support Its Claims or Defenses.**

    1.    Plaintiff's time records.

    2.    Plaintiff's payroll records.

    3.    Plaintiff's personnel file.

    4.    Relevant workplace policies and procedures of Pick N Pull.

    5.    Pick N Pull's relevant investigation files regarding Plaintiff's complaints of discrimination/harassment.

    6.    Pick N Pull's relevant investigation files regarding complaints about Plaintiff's involvement in fraudulent conduct.

    7.    Pick N Pull's relevant investigation files identifying Plaintiff as a witness or implicated person or implicated party.

    8.    Any relevant, non-privileged documents identified by Plaintiffs and not objected to by Defendants.

    9.    Documents identified through discovery.

    10.    Defendants reserve their right to supplement this list with any additional documents identified during the discovery phase of this matter.

A copy of each of the foregoing documents will be produced at a mutually agreeable time and place subject to the execution of a Confidentiality Agreement.

**C.    Computation of Damages.**

Defendants are not seeking damages from Plaintiff at this time, but reserves the right to seek the reimbursement of their costs and attorneys' fees at a later date.

**D.    Insurance Agreement Under Which Any Person Carrying On An Insurance Business May Be Liable To Satisfy Part Or All Of A Judgment Which May Be Entered Or To Indemnify Or Reimburse For Payments Made.**

Defendants have Employment Practices Liability Insurance with a $100,000 self-insured retention per claim.

Dated this 20th day of May, 2019.

Respectfully submitted,

LITTLER MENDELSON, P.C.
111 North Magnolia Avenue
Suite 1250
Orlando, Florida 32801
Telephone: (407) 393-2900
Facsimile: (407) 393-2929

By:    */s/ Allison Wiggins*
Allison Wiggins
Florida Bar No.: 105733
Email: awiggins@littler.com

Kimberly J. Doud
Florida Bar No.: 0523771
Email: kdoud@littler.com

Attorneys for Defendants

4

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 20th day of May, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a copy via email to the following: Luis A. Cabassa, Wenzel, Fenton, Cabassa P.A., 1110 North Florida Avenue, Suite 300, Tampa, Florida 33602, email: lcabassa@wfclaw.com, twells@wfclaw.com and Scott M. Weaver, The Weaver Law firm, 801 West Bay Drive, Suite 426, Largo, Florida 33770, email: scott@theweaverlawfirm.com.

                                              */s/ Allison Wiggins*
                                              Allison Wiggins

FIRMWIDE:164316423.2 092652.1004