UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KIMBERLEY PATTERSON,

    Plaintiff,

v.   Case No.: 4:19-cv-00151-MW-CAS

PICK N PULL AUTO DISMANTLERS, LLC
D/B/A PICK N PULL and AUTO PARTS GROUP
SOUTHWEST, LLC D/B/A PICK N PULL,

    Defendant.
_____/

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KIMBERLEY PATTERSON ("Plaintiff"), by and through her undersigned counsel, brings this action against Defendants, PICK N PULL AUTO DISMANTLERS, LLC D/B/A PICK N PULL and AUTO PARTS GROUP SOUTHWEST, LLC D/B/A PICK N PULL, (together, "Defendants") and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages exceeding $15,000, exclusive of interest, fees, and costs, injunctive relief, and declaratory relief against Defendants for violations of 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*

2. The venue of this Court is proper pursuant to Sections 47.051 and 47.011, Florida Statutes, because Leon County, Florida is the location where Defendants operated a facility during all times relevant to this Complaint and is the county where the events giving rise to Plaintiff's claims occurred.

## THE PARTIES

3.  Plaintiff is a resident of Leon County, Florida.

4.  Defendants operated and continue to operate a facility located in Leon County, Florida, during all times relevant to this Complaint.

## GENERAL ALLEGATIONS

5.  Plaintiff has satisfied all conditions precedent, or they have been waived.

6.  Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7.  Plaintiff requests a jury trial for all issues so triable.

8.  Plaintiff is a member of protected classes of persons under Section 1981, Title VII and the FCRA.

9.  Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

10. Under Section 1981, Defendants are employers prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendants otherwise enjoy, regardless of the employee's race and/or color.

11. At all times material hereto, Defendants acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981, Title VII, and the FCRA.

## FACTS

12. In or around October 2017, Plaintiff began working for Defendants with her final position being a sales lead.

13. Plaintiff is black female.

14. During Plaintiff's tenure with Defendants, Plaintiff satisfactorily performed all the essential duties of her positions.

15. During Plaintiff's employment with Defendants, Plaintiff was subjected to unlawful sex discrimination and severe and pervasive sexual harassment and a hostile work environment based on her sex by her store manager, Vince Bickle.

16. Following Plaintiff objecting to Defendants regarding Mr. Bickle's unlawful conduct described above, Defendants terminated Mr. Bickle and started to unlawfully retaliate against Plaintiff based on her objections and complaints to the unlawful sexual discrimination and sexual harassment and hostile work environment.

17. Specifically, Defendants retaliation against Plaintiff included: (i) Defendants unlawfully giving Plaintiff a meritless disciplinary write-up, (ii) Defendants' failing to give Plaintiff a promotion to assistant manager, even though Plaintiff was more qualified than the white male, David Clark, who was given the position, (iii) Defendants' human resource representative Kathy Palmer, who is white, making racially and retaliatory disparaging statements about Plaintiff to Plaintiff's managers, and (iv) culminating with Defendants unlawful termination of Plaintiff's employment as described below.

18. During Plaintiff's employment with Defendants, Plaintiff was subjected to: (i) unlawful race discrimination based on disparate treatment, (ii) an unlawful severe and pervasive hostile and harassing work environment and discrimination based on her race, and (iii) unlawful different terms and condition of her employment solely because of her race as described below.

19. In or around December 2017, Plaintiff was told by her store's assistant manager, Mr. Clark, that Mr. Palmer told him that Ms. Palmer did not like the fact that Mr. Bickle was terminated based on Plaintiff's complaints because "[Plaintiff] is black and Mr. Bickle is white."

20. Shortly thereafter, Ms. Palmer unlawfully interfered with Plaintiff being promoted to an assistant manager's position based on Plaintiff's race as supported by Ms. Palmer making the racially disparaging remark about Plaintiff to Mr. McCrary that "people like [Plaintiff]" do not qualify for an assistant manager's position and should not work for Defendants in such a position, thereby subjecting Plaintiff to different terms and conditions of her employment based on her race.

21. Also, in January and February 2018, while continuing to make racist statements about Plaintiff, Ms. Palmer also requested that Mr. McCrary and Mr. Clark to stop treating Plaintiff as a manager, even though Plaintiff's duties were similar to a manager's duties, subjecting Plaintiff to different terms and condition of her employment based on her race.

22. In January 2018 and February 2018, Plaintiff objected to Mr. McCrary and Mr. Clark regarding Defendants' unlawful conduct against her as described above, including (i) the unlawful racially hostile and harassing work environment, (ii) the racial discrimination, (iii) being unlawfully subjected to different terms and conditions of her employment based on her race, and (iv) the continued unlawful retaliation against Plaintiff by Ms. Palmer based on Plaintiff's prior complaints regarding Mr. Bickle's sex discrimination and sexual harassment against her.

23. Instead of the Defendants taking appropriate corrective and remedial actions after Plaintiff's objections to Defendants' unlawful conduct against her as described above and in close temporal proximity to Plaintiff's objections, Defendants further unlawfully retaliated against Plaintiff by terminating Plaintiff's employment on or about April 2, 2018.

24. Defendants' termination of Plaintiff was merely pretext for Defendants' unlawful retaliation and racial discrimination against her.

25. Specifically, Defendants alleged that Plaintiff was terminated because Plaintiff failed to immediately sign a voided ticket, even though it was a common occurrence that such voided tickets were not always immediately signed, including not always immediately signed by Mr. Clark.

26. In addition to Defendant's reason for Plaintiff's termination being pretext for Defendant's unlawful retaliation and racial discrimination against Plaintiff, Defendant's termination of Plaintiff for that reason is also race discrimination against Plaintiff because Mr. Clark who is white was not terminated by Defendants for similar conduct.

27. On or about January 9, 2019, Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission and Plaintiff received her Right to Sue Letter from the EEOC on or about February 14, 2019 which is less than ninety days from the date hereof; and therefore, Plaintiff may file her claims under Title VII and the FCRA.

### COUNT I – 42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

28. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

29. Plaintiff is a member of a protected class of persons under Section 1981.

30. Plaintiff was subjected to disparate treatment, a hostile and harassing work environment, and subjected to different terms and conditions of her employment by Defendants, based solely on Plaintiff's race.

31. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

32. Defendants' actions were willful and done with malice.

33. As a direct and proximate result of Defendants' willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

34. Plaintiff was injured due to Defendants' violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendants, permanently enjoining Defendants from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II — 42 U.S.C. § 1981 VIOLATION
## (RETALIATION)

35. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

36. Plaintiff is a member of a protected class of persons under Section 1981.

37. By complaining about the race discrimination that she was suffering at work, Plaintiff engaged in protected activity under Section 1981.

38. Defendants retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating her employment.

39. Defendants' actions were willful and done with malice.

40. Defendants' retaliation was based solely on Plaintiff's exercise of her right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

41. As a direct and proximate result of Defendants' willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

42. Plaintiff was injured due to Defendants' violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendants, permanently enjoining Defendants from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT III — TITLE VII VIOLATION
### (RETALIATION – SEX DISCRIMINATION)

43. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

44. As a female, Plaintiff is a member of a protected class of persons under Title VII based on her sex.

45. By complaining about the sex discrimination and sexually hostile and harassing work environment she was suffering at work, Plaintiff engaged in protected activity under Title VII.

46. Defendants retaliated against Plaintiff for engaging in protected activity under Title VII, including without limitation, by terminating her employment.

47. Defendants' actions were willful and done with malice.

48. Defendants' retaliation was based solely on Plaintiff's exercise of her right to resist and oppose unlawful discrimination and harassment, which is protected under Title VII.

49. As a direct and proximate result of Defendants' willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

50. Plaintiff was injured due to Defendants' violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendants, permanently enjoining Defendants from future violations of Section Title VII and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### COUNT IV — TITLE VII VIOLATION
### (RETALIATION – RACE DISCRIMINATION)

51. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

52. As a black person, Plaintiff is a member of a protected class of persons under Title VII based on her race.

53. By complaining about the race discrimination she was suffering at work, Plaintiff engaged in protected activity under Title VII.

54. Defendants retaliated against Plaintiff for engaging in protected activity under Title VII, including without limitation, by terminating her employment.

55. Defendants' actions were willful and done with malice.

56. Defendants' retaliation was based solely on Plaintiff's exercise of her right to resist and oppose unlawful race discrimination, which is protected under Title VII.

57. As a direct and proximate result of Defendants' willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

58. Plaintiff was injured due to Defendants' violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

A jury trial on all issues so triable;

(a) That process issue and that this Court take jurisdiction over the case;

(b) Judgment against Defendants, permanently enjoining Defendants from future violations of Title VII and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(c) Compensatory damages, including emotional distress, allowable at law;

(d) Punitive damages;

 (e) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

 (f) Prejudgment interest on all monetary recovery obtained;

 (g) All costs and attorney's fees incurred in prosecuting these claims; and

 (h) For such further relief as this Court deems just and equitable.

**COUNT V – TITLE VII VIOLATION**
**(RACE DISCRIMINATION)**

59. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

60. As a black person, Plaintiff is a member of a protected class of persons under Title VII based on her race.

61. Plaintiff was subjected to disparate treatment, a hostile and harassing work environment, and subjected to different terms and conditions of her employment by Defendants, based on Plaintiff's race.

62. The foregoing actions constitute unlawful discrimination, in violation of Title VII.

63. Defendants' actions were willful and done with malice.

64. As a direct and proximate result of Defendants' willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

65. Plaintiff was injured due to Defendants' violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

 (a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendants, permanently enjoining Defendants from future violations of Section Title VII and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT VI — FCRA VIOLATION
### (RETALIATION – SEX DISCRIMINATION)

66. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

67. As a female, Plaintiff is a member of a protected class of persons under the FCRA based on her sex.

68. By complaining about the sex discrimination and sexually hostile and harassing work environment she was suffering at work, Plaintiff engaged in protected activity under the FCRA.

69. Defendants retaliated against Plaintiff for engaging in protected activity under the FCRA, including without limitation, by terminating her employment.

70. Defendants' actions were willful and done with malice.

71. Defendants' retaliation was based solely on Plaintiff's exercise of her right to resist and oppose unlawful discrimination and harassment, which is protected under the FCRA.

72. As a direct and proximate result of Defendants' willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

73. Plaintiff was injured due to Defendants' violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(j) That process issue and that this Court take jurisdiction over the case;

(k) Judgment against Defendants, permanently enjoining Defendants from future violations of the FCRA and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(l) Compensatory damages, including emotional distress, allowable at law;

(m) Punitive damages;

(n) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(o) Prejudgment interest on all monetary recovery obtained;

(p) All costs and attorney's fees incurred in prosecuting these claims; and

(q) For such further relief as this Court deems just and equitable.

## COUNT VII — FCRA VIOLATION
## (RETALIATION – RACE DISCRIMINATION)

74. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

75. As a black person, Plaintiff is a member of a protected class of persons under the FCRA based on her race.

76. By complaining about the race discrimination she was suffering at work, Plaintiff engaged in protected activity under the FCRA.

77. Defendants retaliated against Plaintiff for engaging in protected activity under Title VII, including without limitation, by terminating her employment.

78. Defendants' actions were willful and done with malice.

79. Defendants' retaliation was based solely on Plaintiff's exercise of her right to resist and oppose unlawful race discrimination, which is protected under the FCRA.

80. As a direct and proximate result of Defendants' willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

81. Plaintiff was injured due to Defendants' violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    A jury trial on all issues so triable;

    (i)    That process issue and that this Court take jurisdiction over the case;

(j) Judgment against Defendants, permanently enjoining Defendants from future violations of the FCRA and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(k) Compensatory damages, including emotional distress, allowable at law;

(l) Punitive damages;

(m) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(n) Prejudgment interest on all monetary recovery obtained;

(o) All costs and attorney's fees incurred in prosecuting these claims; and

(p) For such further relief as this Court deems just and equitable.

## COUNT VIII – FCRA VIOLATION
### (RACE DISCRIMINATION)

82. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

83. As a black person, Plaintiff is a member of a protected class of persons under the FCRA based on her race.

84. Plaintiff was subjected to disparate treatment, a hostile and harassing work environment, and subjected to different terms and conditions of her employment by Defendants, based on Plaintiff's race.

85. The foregoing actions constitute unlawful discrimination, in violation of the FCRA.

86. Defendants' actions were willful and done with malice.

87. As a direct and proximate result of Defendants' willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and

suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

88. Plaintiff was injured due to Defendants' violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendants, permanently enjoining Defendants from future violations of the FCRA and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 15th day of July, 2019.

Respectfully submitted,

/s/ Luis A. Cabassa

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorney for Plaintiff**

and

**SCOTT M. WEAVER**
Florida Bar Number: 573221
The Weaver Law Firm
801 West Bay Drive, Suite 426
Largo, FL 33770
Main Number: 727-316-5330
Facsimile: 727-499-7322
Email: scott@theweaverlawfirm.com
Attorney for Plaintiff

17

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of July, 2019, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to:

Kimberly Doud, Esquire
Allison Renae Bekavac, Esq.
LITTLER MENDELSON, P.C.
111 North Magnolia Avenue, Suite 1250
Orlando, Florida 32801
Email: kdoud@littler.com
Email: abekavac@littler.com

_____
**LUIS A. CABASSA**