## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**KIMBERLEY PATTERSON,**

      **Plaintiff,**

**v.**　　　　　　　　　　**CASE NO.:  4:19-CV-00151-MW-CAS**

**PICK N PULL AUTO DISMANTLERS,
LLC D/B/A PICK N PULL and AUTO
PARTS GROUP SOUTHWEST, LLC
D/B/A PICK N PULL,**

      **Defendants.**
_____/

### DEFENDANTS' ANSWER AND STATEMENT OF DEFENSES
### TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, Pick N Pull Auto Dismantlers, LLC d/b/a Pick N Pull ("PNP Auto Dismantlers") and Auto Parts Group Southwest, LLC d/b/a Pick N Pull ("Pick N Pull") (collectively "Defendants"), by and through their undersigned counsel, hereby file their Answer and Statement of Defenses to Plaintiff's First Amended Complaint.

### JURISDICTION AND VENUE

1.　　Defendants admit Plaintiff filed her First Amended Complaint against Defendants asserting claims in excess of $15,000 for alleged violations of 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Florida Civil Rights Act ("FCRA") of 1992, as amended, Fla. Stat. § 760.01 *et seq..* Defendants deny any violation of law and further deny Plaintiff is entitled to any of the relief sought in the Complaint.

2.     Defendants admit, for jurisdictional and venue purposes only, this Court has original federal question subject matter jurisdiction over Plaintiff's Title VII and Section 1981 claims and supplemental jurisdiction over Plaintiff's FCRA claims. Defendants deny any violation of law and further deny Plaintiff is entitled to any of the relief sought in the Complaint.

## THE PARTIES

3.     Defendants deny the allegations contained in paragraph 3 of the Complaint.

4.     Defendants admit Pick N Pull operated a facility located in Leon County, Florida during all times relevant to this Complaint. Defendants deny the remaining allegations contained in paragraph 4 of the Complaint.

## GENERAL ALLEGATIONS

5.     The allegations contained in paragraph 5 of the Complaint are legal conclusions to which no response is necessary.   To the extent a

response is required, Defendants deny the allegations.

6.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's agreement with her attorneys, and, therefore, deny same.

7.     Defendants admit Plaintiff demands a jury trial on all issues triable in Plaintiff's Complaint.  Defendants deny any liability or violation of law or that Plaintiff is entitled to any relief whatsoever.

8.     The allegations contained in paragraph 8 of the Complaint are legal conclusions to which no response is necessary.   To the extent a response is required, Defendants deny the allegations.

9.     The allegations contained in paragraph 9 of the Complaint are legal conclusions to which no response is necessary.   To the extent a response is required, Defendants deny the allegations.

10.    The allegations contained in paragraph 10 of the Complaint are legal conclusions to which no response is necessary.   To the extent a response is required, Defendants deny the allegations.

11.    Defendants deny the allegations contained in paragraph 11 of the Complaint.

## <u>FACTS</u>

12.     Defendants admit Plaintiff worked for Pick N Pull and her last position with Pick N Pull was a non-management Sales Lead position. Defendants deny the remaining allegations contained in paragraph 12 of the Complaint.

13.     Defendants admit the allegations contained in paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.     Defendants deny the allegations contained in paragraph 15 of the Complaint.

16.     Defendant PNP Auto Dismantlers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and, therefore, denies same. Defendant Pick N Pull admits Mr. Bickel was terminated but denies the remaining allegations contained in paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     Defendant PNP Auto Dismantlers denies it employed Plaintiff and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and, therefore, denies same.   Defendant Pick N Pull denies the allegations contained in paragraph 18 of the Complaint.

19.     Defendant PNP Auto Dismantlers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and, therefore, denies same. Defendant Pick N Pull denies the allegations contained in paragraph 19 of the Complaint.

20.     Defendant PNP Auto Dismantlers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and, therefore, denies same. Defendant Pick N Pull denies the allegations contained in paragraph 20 of the Complaint.

21.     Defendant PNP Auto Dismantlers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and, therefore, denies same.

Defendant Pick N Pull denies the allegations contained in paragraph 21 of the Complaint.

22.    Defendant PNP Auto Dismantlers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and, therefore, denies same. Defendant Pick N Pull denies the allegations contained in paragraph 22 of the Complaint.

23.    Defendant PNP Auto Dismantlers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and, therefore, denies same. Defendant Pick N Pull denies the allegations contained in paragraph 23 of the Complaint.

24.    Defendant PNP Auto Dismantlers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and, therefore, denies same. Defendant Pick N Pull denies the allegations contained in paragraph 24 of the Complaint.

25.    Defendant PNP Auto Dismantlers is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 25 of the Complaint, and, therefore, denies same. Defendant Pick N Pull admits Plaintiff was terminated for violations of Pick N Pull's Cash Handling and Void Ticket Policy but denies the remaining allegations contained in paragraph 25 of the Complaint.

26. Defendant PNP Auto Dismantlers and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and, therefore, denies same. Defendant Pick N Pull denies the allegations contained in paragraph 26 of the Complaint.

27. The allegations contained in paragraph 27 of the Complaint are legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny the allegations.

## COUNT I – 42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

28. Defendants reallege their responses to paragraphs 1 through 27 above as if set forth in full herein.

29. The allegations contained in paragraph 29 of the Complaint are legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny the allegations.

30.    Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.    Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.    Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.    Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.    Defendants deny the allegations contained in paragraph 34 of the Complaint.

Defendants deny Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following paragraph 34 (including subparts (a) through (i) of the Complaint), or to any other relief from Defendants.

## COUNT II – 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

35.    Defendants reallege their responses to paragraphs 1 through 27 above as if set forth in full herein.

36.     The allegations contained in paragraph 36 of the Complaint are legal conclusions to which no response is necessary.   To the extent a response is required, Defendants deny the allegations.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

Defendants deny Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following paragraph 42 (including subparts (a) through (i) of the Complaint), or to any other relief from Defendants.

## COUNT III – TITLE VII VIOLATION
## (RETALIATION – SEX DISCRIMINATION)

43.     Defendants reallege their responses to paragraphs 1 through 27 above as if set forth in full herein.

44.     The allegations contained in paragraph 44 of the Complaint are legal conclusions to which no response is necessary.   To the extent a response is required, Defendants deny the allegations.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

Defendants deny Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following paragraph 50 (including subparts (a) through (i) of the Complaint), or to any other relief from Defendants.

## COUNT IV- TITLE VII VIOLATION
## (RETALIATION – RACE DISCRIMINATION)

51.    Defendants reallege their responses to paragraphs 1 through 27 above as if set forth in full herein.

52.    The allegations contained in paragraph 52 of the Complaint are legal conclusions to which no response is necessary.   To the extent a response is required, Defendants deny the allegations.

53.    Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.    Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.    Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.    Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint.

Defendants deny Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following paragraph 58 (including subparts (a) through (h) of the Complaint), or to any other relief from Defendants.

## COUNT V- TITLE VII VIOLATION
### (RACE DISCRIMINATION)

59.     Defendants reallege their responses to paragraphs 1 through 27 above as if set forth in full herein.

60.     The allegations contained in paragraph 60 of the Complaint are legal conclusions to which no response is necessary.   To the extent a response is required, Defendants deny the allegations.

61.     Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint.

Defendants deny Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following paragraph 65 (including subparts (a) through (i) of the Complaint), or to any other relief from Defendants.

## COUNT VI- FCRA VIOLATION
## (RETALIATION – SEX DISCRIMINATION)

66.     Defendants reallege their responses to paragraphs 1 through 27 above as if set forth in full herein.

67.     The allegations contained in paragraph 67 of the Complaint are legal conclusions to which no response is necessary.   To the extent a response is required, Defendants deny the allegations.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in paragraph 73 of the Complaint.

Defendants deny Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following paragraph 73 (including subparts (a) and (j) through (q) of the Complaint), or to any other relief from Defendants.

## COUNT VI- FCRA VIOLATION
### (RETALIATION – SEX DISCRIMINATION)

74.     Defendants reallege their responses to paragraphs 1 through 27 above as if set forth in full herein.

75.     The allegations contained in paragraph 75 of the Complaint are legal conclusions to which no response is necessary.   To the extent a response is required, Defendants deny the allegations.

76.     Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in paragraph 81 of the Complaint.

Defendants deny Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following paragraph 81 (including subparts (i) through (p) of the Complaint), or to any other relief from Defendants.

## COUNT VI- FCRA VIOLATION
## (RETALIATION – SEX DISCRIMINATION)

82.     Defendants reallege their responses to paragraphs 1 through 27 above as if set forth in full herein.

83.     The allegations contained in paragraph 83 of the Complaint are legal conclusions to which no response is necessary.   To the extent a response is required, Defendants deny the allegations.

84.     Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in paragraph 80 of the Complaint.

89.     Defendants deny the allegations contained in paragraph 88 of the Complaint.

Defendants deny Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following paragraph 88 (including subparts (a) through (i) of the Complaint), or to any other relief from Defendants.

## JURY TRIAL DEMAND

Defendants admit Plaintiff demands a jury trial on all issues triable in Plaintiff's Complaint.  Defendants deny any liability or wrongdoing or that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Defendants specifically deny each and every allegation of Plaintiff's Complaint not specifically admitted herein.

## STATEMENT OF DEFENSES

As separate defenses, and without conceding Defendants bear the burden of proof or persuasion as to any of them, Defendants allege as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim for

which relief can be granted.

## SECOND DEFENSE

Defendant PNP Auto Dismantlers was not Plaintiff's employer.

## THIRD DEFENSE

Upon information and belief, Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to satisfy jurisdictional prerequisites, and other conditions precedent, to bringing suit by timely filing a Charge of Discrimination with the appropriate agency and/or agencies or failing to exhaust administrative remedies.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statute of limitations or the equitable doctrines of avoidable consequences, waiver, estoppel, laches and/or unclean hands.

## FIFTH DEFENSE

Plaintiff's claims are barred because any actions undertaken with regard to Plaintiff were taken in good faith and were based on lawful and legitimate non-discriminatory business reasons other than Plaintiff's race, color or other protected characteristic.

## SIXTH DEFENSE

Plaintiff's claims and/or any claims for damages are barred on the grounds that even if any decision concerning Plaintiff was based, in part, on grounds of unlawful discrimination or disparate treatment, and no decision was, Defendant Pick N Pull would have reached the same decision based on other legitimate, non-discriminatory reasons.

## SEVENTH DEFENSE

Plaintiff's claims and/or any claims for damages are barred by Defendant Pick N Pull's exercise of reasonable care to prevent and correct promptly any alleged discriminatory behavior and because Plaintiff unreasonably failed to take advantage of Defendant Pick N Pull's preventative or corrective opportunities to otherwise avoid harm and/or because Defendant Pick N Pull took prompt, remedial action with regard to any alleged discrimination properly reported by Plaintiff.

## EIGHTH DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff has failed to mitigate her damages. Defendants are entitled to a set-off against Plaintiff's claims for damages in the amount(s) Plaintiff did or could have earned through reasonable efforts.

## NINTH DEFENSE

To the extent Plaintiff engaged in misconduct, fraud, or other conduct prior to, during, or in connection with her employment that otherwise would have resulted in her separation if such conduct were then known to Defendant Pick N Pull, any remedy otherwise available to Plaintiff in this action is limited by the after-acquired evidence doctrine.

## TENTH DEFENSE

Defendant Pick N Pull has made good faith efforts to prevent discrimination, harassment and/or retaliation in its workplace and cannot be liable for the decisions of its agents, or punitive damages, to the extent that the challenged employment decisions were contrary to its efforts to comply with the law.

## ELEVENTH DEFENSE

To the extent any actions taken by Defendant Pick N Pull regarding Plaintiff were taken in good faith, in accordance with Defendant Pick N Pull's internal policies, and not taken wantonly or with malice or bad faith and/or reckless indifference to Plaintiff's protected rights, Defendant Pick N Pull did not willfully violate any law with respect to its treatment of Plaintiff, thereby negating Plaintiff's entitlement to punitive damages.

## **TWELFTH DEFENSE**

Plaintiff's claims are barred to the extent that if any person(s) employed by Defendants committed any unlawful or other wrongful acts, such acts, if any, were outside the scope of their authority, were not authorized, ratified or condoned by Defendants, and Defendants did not know or have reason to be aware of such conduct.

## **RESERVATION**

Defendants reserve the right to move this Court to amend the foregoing defenses and/or add defenses based on information obtained during discovery.

WHEREFORE, Defendants request

1.     That judgment be entered in favor of Defendants and against Plaintiff;

2.     That the Complaint be dismissed with prejudice;

3.     That Defendants be awarded its costs; and

4.     That Defendants be granted such other and further relief as this Court may deem just and proper.

Dated this 29th day of July, 2019.

Respectfully submitted,

LITTLER MENDELSON, P.C.
111 North Magnolia Avenue, Suite 1250
Orlando, Florida 32801
Telephone: (407) 393-2900
Facsimile: (407) 393-2929

By:   */s/ Allison Wiggins*      
       Kimberly J. Doud
       Florida Bar No.: 0523771
       Email:  kdoud@littler.com

       Allison Wiggins
       Florida Bar No.: 105733
       Email: awiggins@littler.com

       Attorneys for Defendant.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 29th day of July, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a copy via email to the following: Luis A. Cabassa, Wenzel, Fenton, Cabassa P.A., 1110 North Florida Avenue, Suite 300, Tampa, Florida 33602 – email:  lcabassa@wfclaw.com and twells@wfclaw.com.

       */s/ Allison Wiggins*     

Allison Wiggins